IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>P. DOUGLAS COMBS,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 05-6498-PHX-SSC |
| RENAISSANCE AIRCRAFT, LLC,<br><br>                    Plaintiffs,<br><br>v.<br><br>P. DOUGLAS COMBS,<br><br>                    Defendant. | Adversary No. 05-570<br><br>**MEMORANDUM DECISION** |

I.  INTRODUCTION

This matter comes before the Court pursuant to a "Motion for Clarification and Correction of the Court's Defective Dismissal Order Prepared Unilaterally by the Plaintiff's Attorney" (the "Motion for Clarification") filed with the Court by Paul Douglas Combs, the Defendant herein, on January 9, 2008. By Order dated January 11, 2008, the Court set a hearing on the Motion for Clarification, which requested clarification regarding the "Order Dismissing Remaining Counts of Complaint (Counts 1 - 6) With Prejudice" (the

"Original Dismissal Order") entered in this Adversary Proceeding on February 20, 2007.[1] On February 13, 2008, the Plaintiff lodged with the Court a proposed form of "Amended and Restated Order Dismissing Remaining Counts of Complaint (Counts 1 - 6 and 8) With Prejudice" (the "Amended Dismissal Order").

On February 14, 2008, immediately prior to the hearing in the matter, the Defendant filed an Objection to the form of Amended Dismissal Order. After conducting the hearing in the matter on February 14, 2008, and taking into consideration the arguments of each of the parties, the documents filed, and the entire record before the Court, this Decision shall constitute the Court's findings of fact, to the extent necessary, and conclusions of law pursuant to Fed.R.Civ.P. 52, Bankruptcy Rule 7052. The Court has jurisdiction over this matter, and this is a core proceeding. 28 U.S.C. §§ 1334 and 157 (West 2007).

## II. FACTUAL BACKGROUND

This Adversary Proceeding was commenced on July 29, 2005, when Renaissance Aircraft, LLC, the Plaintiff herein, filed an eight-count Complaint against the Defendant. The first six counts of the Complaint alleged that the Defendant's discharge should be denied pursuant to various subsections of 11 U.S.C. §727. Counts 7 and 8 alleged that the Defendant's debt to the Plaintiff was non-dischargeable pursuant to various subsections of 11 U.S.C. 523(a). The Defendant filed and served an Answer, as to all Counts, on August 31, 005.

On September 26, 2005, the Plaintiff filed a Motion for Summary Judgment on Count 7 of the Complaint, which, after various proceedings in the matter, was granted. See Memorandum Decision of March 30, 2006 and Order Incorporating Memorandum Decision of March 30, 2006.[2] A Judgment of Non-Dischargeability was

---

1. Docket Entry No. 43.

2. Docket Entry Nos. 27, 28.

entered on April 20, 2006, against the Defendant.[3]  After that, however, there was substantial inactivity in this Adversary, as reflected by the Court's docket, until January 11, 2007, at which time a Notice of Status Hearing was filed as a result of a Court-generated Order requesting information on the Adversary.  The Court set hearing on the Notice of Status Hearing on February 13, 2007, at which time, the parties appeared.  The Plaintiff requested that all remaining Counts of the Complaint be dismissed.  The Defendant assented; and the Court so ordered.  The Court then directed the Plaintiff to lodge a form of order with the Court, memorializing the dismissal in writing.  See Minute Entry of February 13, 2007; Transcript of February 13, 2007 hearing.[4]

Later, counsel for the Plaintiff lodged with the Court a proposed form of order, which the Court executed as the Original Dismissal Order.  The Defendant did not object to this form of order when submitted.  The Court, unfortunately, did not notice the error of Plaintiff's counsel to include the dismissal of Count 8.  The Court executed the Original Dismissal Order on February 20, 2007.  The Defendant did file a Motion for Reconsideration of the Order, on March 2, 2007,[5] but said Motion was on other grounds.  The Court denied reconsideration of the Original Dismissal Order in its Order of March 7, 2007.[6]

The Defendant subsequently appealed the Original Dismissal Order, which appeal is currently pending before the Ninth Circuit Bankruptcy Appellate Panel (the "Panel") as Case No. AZ-07-1084.  By Order dated August 30, 2007, the Panel granted limited remand for the purpose of allowing this Court to clarify the Original Dismissal Order and determine whether all counts of the Complaint had been disposed of therein.  In accordance therewith, the Defendant filed his Motion for Clarification on January 9, 2008, which led to the hearing in February 2008.

---

**3.**   Docket Entry No. 32.

**4.**   Docket Entry Nos. 42 and 54, respectively.

**5.**   See Docket Entry No. 44.

**6.**   See Docket Entry No. 46.

## III. LEGAL DISCUSSION

A. Motion for Clarification of January 9, 2008:

The Motion for Clarification was made after the Bankruptcy Appellate Panel issued an Order questioning its jurisdiction of appeal of the Original Dismissal Order. The Panel noted that although there were 8 counts in the Complaint, and Judgment was rendered only on Count 7, the Original Dismissal Order purports to dismiss only Counts 1 - 6. The Panel requested that the appellant, the Defendant herein, "1) establish that all causes of action stated in the complaint have been expressly and formally disposed of at one time or another; or 2) obtain either an amended judgment or a separate order making it clear that this adversary proceeding has been fully disposed of and there are no remaining causes of action (including Count 8)." B.A.P. Clerk's Order of August 30, 2007 at 2 - 3, Exhibit A to the Motion for Clarification.

The Motion for Clarification requests that the Court vacate the Original Dismissal Order and enter a new Order stating that the Adversary may be dismissed with prejudice only if the parties enter into a global resolution of their disputes in this and other adversary cases and the two underlying administrative cases. Alternatively, the Motion for Clarification requests that the Court enter a new Dismissal Order disposing of all Counts of the Adversary Proceeding, including Count 8, so that the Defendant may proceed with his appeal.

The Motion for Clarification is relatively brief. It notes that the Defendant wishes to enter into a global resolution of the parties' disputes, rather than having the Adversary dismissed. The Defendant, in his Motion, further states that the "Court instructed the parties to construct an Order providing for the dismissal of [the] Adversary" and complains that the Defendant did not participate in the preparation of the Original Dismissal Order. This proposition, that the Court intended both parties to submit a stipulated dismissal order, is erroneous. Both the February 13, 2007 Minute Entry and the Transcript of the

February 13, 2007 hearing[7] reveal that the Court requested that the Plaintiff's attorney lodge a form of Dismissal Order with the Court. The stipulation to dismiss the Adversary was made by the Plaintiff and the Defendant on the record at the February 13, 2007 hearing. Although the Defendant stated that he was working on a global resolution, he did not object to dismissal of the remaining Counts of the Adversary when the Court asked his opinion, and stated, "there wouldn't be an objection to that." See Transcript of February 13, 2007 hearing at p. 6.

Although the Defendant requests the Court vacate its Original Dismissal Order in favor of an order that would resolve all issues in this case, the Court cannot do so. "A stipulation made in open court and recorded by the reporter 'constitutes not only an agreement between the parties, but also between them and the court, which the latter is bound to enforce.'" In re Haynes, 97 B.R. 1011 (quoting Webster v. Webster, 14 P.2d 522, 523 (Cal. 1932)) (9th Cir. B.A.P. 1989). Accordingly, the Court must clarify that its Original Dismissal Order was intended to dismiss all remaining counts of the Complaint, which are Counts 1- 6 and Count 8.

B. Objection of February 14, 2007:

The Objection filed by the Defendant in regard to the form of "Amended and Restated Order Dismissing Remaining Counts of Complaint (Counts 1 - 6 and 8) With Prejudice" is not to the form of order submitted, per se, but rather to the dismissal itself. Through his Objection, the Defendant appears to be requesting that this Court reconsider its dismissal of the adversary proceeding. The Defendant already requested such reconsideration in his Motion of March 2, 2007.[8] The Court denied reconsideration in its Order of March 7, 2007, which is incorporated herein.[9]

---

**7.** Docket Entry Nos. 42 and 54, respectively.

**8.** Docket Entry No. 44.

**9.** Docket Entry No. 48.

The basis of the Defendant's March 2, 2007 Motion for Reconsideration is the same as the basis for the Defendant's February 14, 2008 Objection: namely, that the Defendant should not be bound by his agreement, made on the record at a February 13, 2007 status hearing, that all remaining counts of the Complaint be dismissed. This agreement was memorialized in the Court's February 13, 2007 Minute Entry,[10] and the Court's audio recording of the February 13, 2007 Status Hearing. Although the Defendant may now wish to modify an agreement he entered into almost a year ago, this Court has the inherent power to summarily enforce a settlement agreement with respect to an action pending before it. In re Springpark Associates, 623 F.2d 1377, 1380-81 (9th Cir. 1980); U.S. v. Real Property Located at 22 Santa Barbara Drive, 264 F.3d 860 (9th Cir. 2001). This enforcement power exists even when a settlement is entered into in open court, rather than recorded on paper. In re Haynes, 97 B.R. 1007 (9th Cir. B.A.P. 1987). Moreover, the purpose of this case law is to create a form of judicial estoppel to resolve issues with finality and not allow any one party to revisit issues over and over again. The Defendant is engaging in the type of behavior that this case law seeks to prohibit.

The Defendant also attempts to distinguish In re Haynes from his case, by noting that in Haynes, the party waited for a substantial period of time after entering into a settlement agreement on the record before the party attempted to vitiate the agreement. The Defendant states that at that late date, the party had no viable remedy, and the party itself had crafted the settlement that it later disputed. The Defendant states that he attempted to retract his settlement agreement immediately after entering into it. Furthermore, the Defendant states that he did not participate in preparation of the Order that ultimately memorialized the settlement agreement.

The Court finds that the Defendant's reading of Haynes is too narrow. The Haynes Panel wrote, "a stipulation made in open court and recorded by the reporter

---

**10.** See Docket Entry No. 42; Order of March 7, 2007, Docket Entry No. 48, at pp. 4-5.

1  'constitutes not only an agreement between the parties, but also between them and the court, which the latter is bound to enforce.'" 97 B.R. 1011 (quoting <u>Webster v. Webster</u>, 14 P.2d 522, 523 (Cal. 1932)). As in <u>Haynes</u>, a settlement was entered on the record before this Court. In this case, the settlement required dismissal of the remaining Counts of the adversary proceeding. As did the court in <u>Haynes</u>, this Court asked both parties if they consented to the agreement. In this case, the Defendant stated that he had no objection to dismissal of the remaining counts. At that point, the agreement became binding on the parties and the Court, which is bound to enforce the agreement.

Next, the Defendant objects to other language in the Original Dismissal Order, which provides, "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Order shall have no affect [sic] on the Court's April 20, 2006 *Judgement (Nondischargeable Pursuant to 11 U.S.C. § 523(a)(6)* entered with respect to Count 7 of the Complaint." (Italics in original). The Defendant states that he did not agree to such language and such language was not ordered by the Court at the February 13, 2007 hearing. This is incorrect. When the parties appeared, the Plaintiff discussed the Judgment already obtained against the Defendant as to Count 7. Although the Defendant hoped that all claims between the parties would somehow be resolved, the focus of the hearing was what should be done with the remaining Counts in the Complaint. It was clearly in Defendant's best interest to have the other Counts dismissed with prejudice which is why he consented to the relief on the record. Any other statements now made by the Defendant that he didn't understand a non-dischargeable judgment had been entered against him as to Count 7 are disingenuous. The Court held a number of hearings on that Count, at which the Defendant fully participated, before any Judgment was entered on Count 7.

The current Objection also does not state a basis on which the Defendant may now revise the Original Dismissal Order. The April 20, 2006 Judgment on Count 7 was entered after the Defendant was allowed to fully participate and be heard on the matter. Indeed, after long experience with the parties and with this Adversary Proceeding, the Court now believes that such cautionary language, which clarifies the scope of the Original

1   Dismissal Order, was appropriate.  The Defendant has not articulated any basis on which such

2   language should now be removed from any dismissal order.[11]

3               In the last paragraph of the Objection, the Defendant requests that the

4   Court "stay any execution of the proposed Order."  Discretionary stays pending appeal are

5   governed by Federal Rules of Civil Procedure 62(c) and (g), Federal Rules of Appellate

6   Procedure 8(a) and (b), and Federal Rules of Bankruptcy Procedure 7062 and 8005.  These

7   Rules are generally construed as giving courts discretion to grant a stay pending appeal where

8   such a stay would preserve the *status quo*, or where the appellant would suffer irreparable

9   injury should the stay be denied.  In re Wymer, 5 B.R. 802, 805 - 07 (9th Cir. B.A.P. 1980).

10  Other criteria the Court should consider are the likelihood of the appellant's success on

11  appeal, whether substantial harm will come to the appellee, and whether the stay will harm

12  the public interest.

13              In this case, the Defendant presents no reason to stay the execution of the

14  Amended Dismissal Order.  Although earlier in the Objection he states that he "seeks

15  vindication for the specious claims alleged against him by the plaintiff and plaintiff's

16  counsel," such "vindication" is not a basis under Wymer to enter a stay.  Moreover, if the

17  dismissal of the remaining Counts in this Adversary is reversed on appeal, the Adversary will

18  be reinstated and the Defendant may then present a defense as to the remaining Counts.

19  Based upon this record, no harm will accrue to the Defendant if the remaining Counts

20  remained dismissed and no stay is issued.

21              Furthermore, the Court expects that the Defendant's success on appeal is

22  questionable, as the Court is not aware of any law that would allow a settlement entered into

---

**11.**  The Defendant notes, in his Objection, at Footnote 1, that "Plaintiff has obtained only one judgment [against the Defendant] in an AAA arbitration."  See Objection, Docket Entry No. 62, at p.2 n.1.  The Court has already addressed this incorrect statement in its Order of March 7, 2007.  As previously noted, the Plaintiff has clearly obtained at least one Judgment against the Defendant in this Court.  See Judgment of April 20, 2006 at Docket Entry No. 32.  The Court has not searched any other dockets to determine what other judgments may have been entered against the Defendant.

1 on the record to be undone. In fact, as noted above, there is authority, binding on this Court,
2 to the contrary. See In re Haynes, 97 B.R. 1007 (9th Cir. B.A.P. 1989). If the adversary were
3 to remain pending, little harm would accrue to the appellee; however, it could face increased
4 attorneys' fees. Even this slight harm tips in favor of denying a stay pending appeal when the
5 appellant risks no harm should the case remain dismissed as to Counts 1 through 6 and Count
6 8. Finally, a stay pending appeal would harm the public interest in that the pendency of the
7 case, and continued administration thereof, would waste valuable judicial resources that could
8 be better expended on other matters.

9 The Court must also remind the Defendant that this matter has been
10 remanded to it on a limited basis. Once the Defendant filed a notice of appeal of the Original
11 Dismissal Order, this Court no longer had jurisdiction over this matter. In re Rains, 428 F.3d
12 893, 899 (9th Cir. 2005); In re Silberkraus, 336 F.3d 864, 869 (9th Cir. 2003). This Court has
13 been asked to clarify the Original Dismissal Order as to Count 8. It has now done that. No
14 other issues are before this Court for consideration.

### IV. CONCLUSION

Based upon the foregoing, the Court has clarified the issue as to Count 8 by executing the Amended Dismissal Order. finds no basis on which to sustain the Defendant's Objection the Plaintiff's Amended Dismissal, so it is overruled. The Court finds no basis on which to grant the Defendant's Motion for Stay. The Court will execute a separate Order incorporating this Decision.

DATED this 22nd day of February, 2008.

*[signature]*
The Honorable Sarah Sharer Curley
United States Bankruptcy Judge

BNC to notice.